## UNITED STATES v. MANGUS.

### No. 873.

District Court, N. D. Indiana, Fort Wayne Division.

June 25, 1940.

James R. Fleming, U. S. Atty., of Fort Wayne, Ind., for appellant.

Frank B. Jaqua, of Portland, Ind., and Ernest M. Dunn, of Union City, Ind., for defendant.

SLICK, District Judge.

Defendant was indicted for larceny of divers sums of money aggregating more than $2,000, by fraud, trick, scheme or device. The case is submitted on a stipulation of facts from which it appears that the Pennville State Bank is insured under the Federal Deposit Insurance Law, and that such bank is duly chartered to do business in the State of Indiana.

It is further stipulated that the defendant is in the insurance business, and that he presented for cashing and cashed checks totaling something over $2,000, and that at the time such checks were presented and cashed, there were not sufficient funds in the banks upon which they were drawn to cash them; that the defendant knew there were not sufficient funds, and that the bank lost $2,020 by reason of having cashed said checks.

The indictment is drawn under a criminal section of the Federal Deposit Insurance Act, which provides: "Whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $50 belonging to, or in the care, custody, control, management, or possession of any bank, shall be fined," etc. Title 12 U.S.C.A. § 588b.

The government argues that, by presenting checks at a time when the defendant knew there were not sufficient funds with which to cash them, defendant obtained the money of the insured bank by trick and that he is guilty of larceny.

The defendant argues that the crime of larceny is not proven for the reason that at the time the Pennville Bank cashed the checks and parted with its money, paying it over to defendant, it intended to part not only with the possession of the money, but with the title and right to the money, and therefore, the crime of larceny is not established.

There is no doubt a very fine distinction between larceny by trick and obtaining money by false pretense. It may be the defendant is guilty of obtaining money by falsely pretending that his tendered checks were good, but I am of the opinion that when the bank, without any representation from the defendant, cashed his checks, it believed the checks were good, and it parted with the possession and title to the money which it handed over to the defendant, and he, by converting it to his own use, is not guilty of larceny. It may be argued that it makes very little difference whether defendant is guilty of larceny or of obtaining money under false pretense, but Congress has limited liability under this criminal statute to whoever takes and carries away with intent to steal or purloin any property of an insured bank. If Congress had intended to cover the present crime it could easily have added to this statute the following words: "Or whoever obtains money or anything of value by false representations or falsely representing that a tendered check is good, shall be guilty." This, Congress evidently did not intend, or it would have so provided, and, as criminal statutes must be strictly construed, I am convinced that the crime of larceny by trick has not been proven. In larceny by trick it is necessary that the title or right to the property be retained and only the possession relinquished. If both possession and title are relinquished there is no larceny, but the offense would be obtaining money under false pretenses, not covered by the federal statute.

For this reason I find the defendant not guilty.