## UNITED STATES v. STARR.

### No. 6201.

District Court, S. D. Florida, Miami Division.

Feb. 19, 1943.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Fred Botts, Asst. U. S. Atty., of Miami, Fla., for plaintiff.

Bart A. Riley, of Miami, Fla., and A. C. Dressler, of Miami, Fla., for defendant.

HOLLAND, District Judge.

An indictment was returned against this defendant on October 9, 1942, embracing four counts, each alleging a violation of the Bank Robbery Act, 12 U.S.C.A. § 588b.

The first two counts are subject to the demurrer by reason of Jerome v. United States of America, 63 S.Ct. 483, 87 L.Ed —— decided by the Supreme Court of the United States February 1, 1943.

The third count is vague and uncertain, and should go out on demurrer.

In the fourth count it is alleged that the defendant presented to the paying teller of a certain National Bank of Dade County, Florida, a false, forged, fictitious and counterfeit check for the payment of money, drawn on said bank, and that defendant secured payment thereon, with intent to defraud the bank, and after receiving the money he did take and carry away said sum with intent to steal and purloin the same.

The offense charged in this fourth count is without reference to a State statute. The statutory offense is the "taking" and carrying away with criminal

intent to steal or purloin. The evidence in proof of such a crime may constitute larceny as defined in the common law, but the element of trespass, and the element of the taking being against the consent of the owner, are not material elements of this statutory offense. The securing of the money by the alleged fraud is a separate and distinct offense, punishable by State statute. I am mindful of the fact that the "taking", with the "intent" prescribed, may include a "taking" through artifice, and that the "intent" of the statute relates back to the original taking and carrying away. The statute, however, does not specify a taking by deceit. As was held by Judge Slick in United States v. Mangus, D.C., 33 F.Supp. 596, 597, "If Congress had intended to cover the present crime it could easily have added to this statute the following words: 'Or whoever obtains money or anything of value by false representations or falsely representing that a tendered check is good, shall be guilty'". Consonant with the rules of construction of statutes providing for imprisonment, and the assessment of a penalty, the term "taking" alone should not include all the elements of a distinct criminal offense, since the "taking" specified in the Federal statutes is not an offense without the asportation and proof of the intent.

The demurrer is sustained to all counts.